## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH MEEKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>JURY TRIAL DEMAND** |

Plaintiff, ELIZABETH MEEKINS, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant") its employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the City of East Orange, 545 Park Avenue, County of Essex, State of New Jersey 07017, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a foreign corporation with its executive offices located at 507 Prudential Road, Horsham, PA 19044. Defendant is primarily in the business of collecting debt allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

## CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

9.      This Action is properly maintained as a class action. The Class consists of:

- All consumers who have received collection letters and/or notices from the Defendant that contained at least one of the alleged violations arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

10.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.      Whether Defendant violated various provisions of the FDCPA including but not limited to:

            15 U.S.C. §§1692f(1); 1692e(12); and 1692e(10);

    b.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

11.     On or about January 8, 2008, Defendant caused to be delivered to Plaintiff a collection letter addressed to Plaintiff.  Upon receipt Plaintiff read said letter.  The letter demanded payment of a debt allegedly owed by Plaintiff to AT&T. A copy of said letter is annexed hereto as **Exhibit A.**

12.     On or about January 16, 2008, Plaintiff notified Defendant, through her undersigned attorney, (via facsimile, certified mail and regular mail) that she disputed the validity of the alleged debt and requested a full accounting as well as the name and address of the original creditor. Defendant has never provided the requested information. Furthermore, Defendant was instructed to cease all communications with Plaintiff. A copy of said letter is annexed hereto as **Exhibit B.**

13.     On or about February 15, 2008, Defendant mailed a letter to the undersigned attorney stating, "Please be advised that the above-referenced account is closed in our office." Said letter was signed by Nicole Johnson. A copy of said letter is annexed hereto as **Exhibit C.**

14.     On April 14, 2008, the undersigned attorney contacted Defendant and spoke to Nicole Johnson in an attempt to ascertain the meaning of "closed in our office." Ms. Johnson informed the undersigned attorney that the account was returned to AT&T and any further information would need to be obtained from them.

15.     On April 14, 2008, Defendant was still reporting the alleged debt as open with their office on their website. A copy of said report is attached hereto as **Exhibit D.**

## COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
VIOLATION OF 15 U.S.C. § 1692f(1)**

16.     Plaintiff repeats the allegations contained in paragraphs 1 through 15 as if the same were set forth at length.

17      Collection letters and/or notices such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer

18.     Section 1692f(1)of the FDCPA sates in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

19.     Defendant violated §1692f(1) of the FDCPA by making a demand for interest in the amount of $7.24, when no so such charge is expressly authorized by the agreement creating the alleged debt. *See* **Exhibit A.**

20.     By reason thereof, Plaintiff has sustained damages when Defendant demanded payment of an amount greater than the principal obligation, which is not expressly authorized by the agreement creating the alleged debt and is not permitted by law..

21.   By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692f(1) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692e(12)

22.     Plaintiff repeats the allegations contained in paragraphs 1 through 21 as if the same were set forth at length.

23.     Section 1692e(12) prohibits a debt collector from makeing a false representation or implication that accounts have been turned over to innocent purchasers for value.

24.     Defendant violated Section 1692e(12) of the FDCPA falsely represented to Plaintiff that it had purchased the alleged debt from AT&T. *See,* **Exhibit A.**

25.     By reason thereof, Plaintiff has sustained damages when Defendant falsely represented to Plaintiff that it had purchased the alleged debt from AT&T.

26.     By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692e(12) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

### COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692e(10)

27.     Plaintiff repeats the allegations contained in paragraphs 1 through 26 as if the same were set forth at length.

28.     Section 1692e(10) of the FDCPA prohibits debt collectors from making any false representation or deceptive means to collect or attempt to collect any debt.

29.     Defendant violated Section 1692e(10) of the FDCPA by falsely representing that the alleged debt was closed in its offices, when in fact as late as April 14, 2008, the alleged debt was still open as posted on Defendant's website.

30.     By reason thereof, Plaintiff has sustained damages when the Defendant falsely represented that the alleged debt was closed in its office when it was not.

31.     By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendant, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendant to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Fairfield, New Jersey
        April 21, 2008

                              s/ *Joseph K. Jones*
                              Joseph K. Jones (JJ-5509)
                              Law Offices of Joseph K. Jones, LLC
                              375 Passaic Avenue, Suite 100
                              Fairfield, New Jersey 07004
                              (973) 227-5900
                              (973) 244-0019 facsimile
                              jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

s/ *Joseph K. Jones*
Joseph K. Jones (JJ-5509)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 21, 2008

s/ *Joseph K. Jones*
Joseph K. Jones (JJ-5509)